UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CATHERINE H.,

                                         Plaintiff,

   v.                                                               8:23-CV-160
                                                                               (GTS/ATB)

KILOLO KIJAKAZI,

                                         Defendant.

---

JUSTIN M. GOLDSTEIN, ESQ., for Plaintiff
VERNON NORWOOD, Special Asst. U.S. Attorney, for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security, denying her application for benefits. Plaintiff did not consent to the jurisdiction of a Magistrate Judge (Dkt. No. 4), and this matter was therefore referred to me for Report and Recommendation by United States District Judge Glenn T. Suddaby, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Both parties filed briefs, which the court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18.

## I.    PROCEDURAL HISTORY

On September 8, 2020, plaintiff protectively filed an application for Disability Insurance Benefits ("DIB"), alleging disability beginning August 13, 2020. (Administrative Transcript ("T") 188-95). Plaintiff's application was denied initially on

1

March 18, 2021 (T. 63), and upon reconsideration on June 4, 2021 (T. 79). On February 10, 2022, Administrative Law Judge ("ALJ") Robyn L. Hoffman conducted a hearing during which plaintiff testified, along with vocational expert ("VE") Patricia Highcove. (T. 29-62). On April 21, 2022, the ALJ issued a decision denying plaintiff's claim. (T. 10-28). This decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on January 24, 2023. (T. 1-6).

## II. GENERALLY APPLICABLE LAW

### A. Disability Standards

To be considered disabled, a plaintiff seeking DIB or Supplemental Security Income benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. sections 404.1520 and 416.920, to evaluate disability insurance and SSI disability claims.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

2

> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which meets or equals the criteria of an impairment listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant can perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see* 20 C.F.R. §§ 404.1520, 416.920. The plaintiff has the burden of establishing disability at the first four steps. However, if the plaintiff establishes that her impairment prevents her from performing her past work, the burden then shifts to the Commissioner to prove the final step. *Id.*

### B.   Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supported the decision. *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Id.* However, this standard is a very deferential standard of review "– even more so than the 'clearly erroneous standard.'" *Brault*, 683 F.3d at 448. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include

3

that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). However, a reviewing court may not substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Id. See also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

An ALJ is not required to explicitly analyze every piece of conflicting evidence in the record. *See, e.g.*, *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) ("[W]e are unwilling to require an ALJ explicitly to reconcile every conflicting shred of medical testimony[.]"). However, the ALJ cannot "'pick and choose' evidence in the record that supports his conclusions." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004); *Fuller v. Astrue*, No. 09-CV-6279, 2010 WL 5072112, at *6 (W.D.N.Y. Dec. 6, 2010).

### III.   FACTS

Plaintiff was 57 years old as of the date of her administrative hearing. She lived at home with her husband, teenage son, and dog. (T. 42, 47). Plaintiff could drive without limitation. (T. 47). She had an associate degree in accounting and worked as a staff accountant for over ten years prior to the alleged disability onset date. (T. 47, 50).

In 2016, plaintiff experienced a brain aneurysm. (T. 38). She was able to continue working for approximately four years, in light of the accommodations provided by her employer. (*Id.*). Plaintiff's memory was not "what is was" before the aneurysm, however her employer "kept trying to work with [her] until it was no longer good for the company." (*Id.*). The accommodations she received included "other employees helping" her and "more time on tasks." (*Id.*). There was "no

4

guarantee" that plaintiff would remember something she was told after a half an hour, much less the next day. (T. 38-39). Eventually, in August of 2020 her employer sat her down and explained that "she knew" plaintiff "couldn't do the job any further." (T. 38-39). Plaintiff did not seek other employment, because she "knew that [she] couldn't perform to [her] ability any further," and believed there was "no way [she] could get a job that even was close to what [she] was making" at her previous place of employment. (T. 39).

Plaintiff testified that she continues to struggle with her memory and that she is "not in good health at all." (T. 39-40). Physically, she experienced high blood pressure, diabetes, obesity, and "bad arthritis" in her knees, shoulders and back. (T. 40). She was restricted in lifting and sitting for long periods of time. (*Id.*). Plaintiff shared household duties with her family, but could only work for ten to fifteen minutes before experiencing fatigue and requiring a break. (T. 42-43). Mentally, she struggled with remembering information, and kept lists as reminders of "what has to be done." (T. 40). She would forget to take her medication, and relied on leaving herself notes and her husband's reminders. (*Id.*). On one occasion, shortly after returning to work from picking up her children from school, she panicked because she believed she had forgotten to pick them up. (T. 40-41).

## IV.   THE ALJ'S DECISION

The ALJ first determined that plaintiff met the insured status requirements for DIB through December 31, 2024. (T. 15). The ALJ then found, at step two of the sequential evaluation, that plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 13, 2020. (*Id.*). Next, the ALJ determined that plaintiff's "status post coiling procedure for a ruptured cerebral aneurysm" was a severe

impairment. (T. 16). At the third step, the ALJ determined that plaintiff's impairments did not meet or medically equal the criteria of any listed impairments in Appendix 1 to 20 C.F.R. Part 404, Subpart P. (T. 18-19).

At step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") for light work as defined in 20 C.F.R. § 404.1567(b) with the following specific limitations: "[plaintiff] can occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; sit for six hours; and stand and/or walk for six hours, all in an eight-hour workday with normal breaks. The [plaintiff] can occasionally climb ladders, ropes or scaffolds. She can occasionally stoop." (T. 19).

In making the RFC determination, the ALJ stated that she considered all of the plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. [§§] 404.1529 and 416.929" and Social Security Ruling ("SSR") 16-3p. (*Id.*). The ALJ further noted that she considered "the medical opinion(s) and prior administrative medical finding(s)" pursuant to 20 C.F.R. [§] 404.1520c. (*Id.*). After considering plaintiff's statements regarding her symptoms, along with the other evidence of record, the ALJ concluded the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (T. 20). The ALJ then determined that plaintiff could perform her past relevant work as a bookkeeper and a resident care aide. (T. 23). Accordingly, the ALJ ruled that plaintiff was not disabled from the alleged onset date of August 13, 2020, through the date of the ALJ's decision. (T. 23-24).

V.   **ISSUES IN CONTENTION**

Plaintiff contends that the ALJ failed to "follow the regulations when evaluating the medical opinions" of record, and that her RFC determination was otherwise not supported by substantial evidence. (Plaintiff's Brief ("Pl.'s Br.") at 8-25) (Dkt. No. 10). Defendant contends that the ALJ properly assessed the medical evidence of record, and the Commissioner's determination should be affirmed because it was supported by substantial evidence. (Defendant's Brief ("Def.'s Br.") at 7-20) (Dkt. No. 14). For the following reasons, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is reversed and remanded for further administrative proceedings.

VI.   **RFC/EVALUATING MEDICAL EVIDENCE**

   A.   **Legal Standards**

      1.   **RFC**

RFC is "what [the] individual can still do despite his or her limitations. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . ." A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent work schedule. *Balles v. Astrue*, No. 3:11-CV-1386 (MAD), 2013 WL 252970, at *2 (N.D.N.Y. Jan. 23, 2013) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2)); *Babcock v. Berryhill,* No. 5:17-CV-00580 (BKS), 2018 WL 4347795, at *12-13 (N.D.N.Y. Sept. 12, 2018); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013); *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's

7

subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Kirah D. v. Berryhill*, No. 3:18-CV-0110 (CFH), 2019 WL 587459, at *8 (N.D.N.Y. Feb 13, 2019); *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). An ALJ must specify the functions plaintiff can perform and may not simply make conclusory statements regarding a plaintiff's capacities. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010); *Martone v. Apfel*, 70 F. Supp. 2d at 150 (citing *Ferraris v. Heckler*, 728 F.2d 582, 588 (2d Cir. 1984); *LaPorta v. Bowen*, 737 F. Supp. at 183, *Stephens v. Colvin,* 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004). The RFC assessment must also include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence. *Natashia R. v. Berryhill*, No. 3:17-CV-01266 (TWD), 2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 WL 374184, at *7).

### 2. Evaluation of Medical Opinion Evidence

The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded. According to the new regulations, the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017), *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and

"evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." *Id.* at §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The two "most important factors for determining the persuasiveness of medical opinions are consistency and supportability," which are the "same factors" that formed the foundation of the treating source rule. *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853. An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

Under the new regulations an ALJ must consider, but need not explicitly discuss, the three remaining factors in determining the persuasiveness of a medical source's

9

opinion. *Id.* at §§ 404.1520c(b)(2), 416.920c(b)(2). However, where the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered those factors contained in paragraphs (c)(3) through (c)(5). *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

**B.    Analysis**

Plaintiff's most compelling argument challenges the ALJ's failure to consider the effects of plaintiff's non-severe mental impairments in crafting the RFC. (Pl.'s Br. at 20). At step two, the ALJ determined that plaintiff's medically determinable mental impairments of anxiety disorder, depressive disorder, and status post aneurysm treatment do not cause more than minimal limitation in her ability to perform basic mental work activities and are therefore "nonsevere." (T. 16). In reaching this determination, the ALJ considered the four broad areas of mental functioning set forth in n 20 C.F.R. Pt. 4, Subpt. P, App. 1 - understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (T. 17). Specifically, the ALJ found plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; or concentrating, persisting, or maintaining pace. (*Id.*). The ALJ found plaintiff had mild limitations in adapting or managing oneself. (*Id.*).

Notwithstanding the ALJ's severity analysis concerning plaintiff's medically determinable mental impairments at step two, she did not discuss these impairments in the portion of her decision addressing plaintiff's RFC. "It is axiomatic that the ALJ is required to consider a plaintiff's mental impairments, even if not severe, in formulating the RFC." *Rookey v. Comm'r of Soc. Sec.*, No. 7:14-CV-914 (GLS), 2015 WL 5709216,

10

at *4 (N.D.N.Y. Sept. 29, 2015). Thus, even where "substantial evidence supports the ALJ's finding that [a claimant's] mental impairment was nonsevere, it would still be necessary to remand . . . for further consideration [where] the ALJ failed to account [for the claimant's] mental limitations when determining her RFC." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (citing 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' . . . when we assess your [RFC] . . .")); *see Schmidt v. Colvin*, No. 15-CV-2692, 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining [p]laintiff's RFC."); *Jackson v. Colvin*, No. 14-CV-0055, 2016 WL 1578748, at *4 (W.D.N.Y. Apr. 20, 2016) ("[T]he ALJ failed to properly consider [the] plaintiff's mental impairments, whether severe or non-severe, throughout the entire five-step sequential evaluation. As a result, the ALJ's RFC finding was not supported by substantial evidence."); *Rookey v. Comm'r of Soc. Sec.*, No. 7:17-CV-914(GLS), 2015 WL 5709216, at *3 (N.D.N.Y. Sept. 29, 2015) (reversing and remanding where the ALJ failed to consider the plaintiff's non-severe mental impairments in determining the RFC); *Salisbury v. Colvin*, No. 13-CV-2805, 2015 WL 5458816, at *44 (S.D.N.Y. Sept. 1, 2015) ("the ALJ erred by not considering whether and to what degree plaintiff's mental impairments may affect his RFC, however slightly."), *report-recommendation adopted by* 2015 WL 5566275 (S.D.N.Y. Sept. 21, 2015); *Johnson v. Colvin*, 12-CV-1273, 2013 WL 6145804, at *5 (N.D.N.Y. Nov. 21, 2013) (remanding because "failure to consider [the plaintiff's] mental impairments and abilities in assessing her RFC is legal error"); *Paz v. Comm'r of Soc.*

11

*Sec.*, No. 14-CV-6885, 2016 WL 1306534, at *14 (E.D.N.Y. Mar. 31, 2016) (finding that where the ALJ "fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings.").

Here, the court agrees that the ALJ erred in failing to consider plaintiff's mental impairments when formulating the RFC. (T. 19-23). The ALJ conducted an in-depth analysis regarding plaintiff's physical limitations. However, with respect to plaintiff's mental impairments, the ALJ's analysis was insufficiently limited to referencing a few treatment records. Specifically, the ALJ noted evidence suggesting that plaintiff "spoke fluently" and exhibited "excellent comprehension" at an examination "from two weeks before the alleged onset date." (T. 20). She then noted that "similar findings, including normal gait and psychiatric exam results," were recorded approximately ten days after the alleged onset of disability. (*Id.*). The ALJ referred to a normal cognitive assessment conducted in 2021. (T. 21). Otherwise, the ALJ's RFC analysis was wholly dedicated to physical limitations posed by plaintiff's various medical conditions. The ALJ did not meaningfully discuss any of the opinion evidence concerning plaintiff's purported mental limitations in her RFC analysis, and otherwise failed to conduct any analysis regarding plaintiff's mental impairments or the impact that those impairments may have had on her ability to work.

Moreover, to the extent the ALJ omitted any mental limitations from the RFC, the ALJ does not provide an explanation to support the basis of that finding. *See Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 741 (S.D.N.Y. 2018) (the ALJ made two references to the plaintiff's mental conditions in the RFC but did not explain how the RFC finding included consideration of the plaintiff's non-severe mental impairments);

12

*Dixon v. Astrue*, 10-CV-5703, 2011 WL 4478493, at *12 (D.N.J. Sept. 26, 2011) ("the ALJ's failure to either consider Plaintiff's depression in evaluating her RFC or to offer a reason for discounting it was unsupported by substantial evidence"). As previously noted, the ALJ determined at step two that Plaintiff had mild limitations in adapting or managing oneself. (T. 17.) But the ALJ did not address these mild limitations when formulating Plaintiff's RFC. *See, e.g., Gomez v. Saul*, No. 19-Civ-9278, 2020 WL 8620075, at *25 (S.D.N.Y. Dec. 23, 2020) ("[E]ven if an ALJ finds that a claimant's non-severe impairments result in only "mild" restrictions, the ALJ must analyze those restrictions in determining the claimant's RFC."); *report-recommendation adopted sub nom. Gomez v. Comm'r of Soc. Sec.*, 2021 WL 706744 (S.D.N.Y. Feb. 22, 2021).

The ALJ asserted at step two that she "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." That passing reference was not a sufficient explanation for the omission of any mental limitations from the RFC determination. *See Mandy C. v. Saul*, No. 5:18-CV-982 (CFH), 2020 WL 1245348, at *6 (N.D.N.Y. Mar. 16, 2020) ("Given the absence of any 'mental restrictions or limitations' in the RFC, the ALJ's reference to the proper standard set forth in the regulations, without more, is insufficient 'lip service' and indicates the ALJ 'simply rel[ied] on his finding of non-severity as a substitute for a proper RFC analysis.' ") (quoting *MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 WL 3067275, at *1 (W.D.N.Y. July 11, 2019)) (other citations omitted).

The court recommends granting plaintiff's motion for judgment on the pleadings, because the ALJ failed to consider plaintiff's non-severe mental impairments when evaluating her RFC, which constituted legal error. Because there is, at least, a

13

reasonable likelihood that a different result could have been reached if the ALJ had considered plaintiff's non-severe mental impairments when evaluating the RFC, remand is appropriate. In particular, the ALJ's finding at step four that plaintiff could perform her past skilled work would be unsupported if plaintiff's medically determinable mental impairments, although non-severe, limited her to unskilled work.

On remand, the ALJ should consider all of plaintiff's impairments in the RFC determination regardless of their severity. The ALJ may find that Plaintiff's mental impairments are inconsequential and, thus, reject the need to incorporate mental limitations into the RFC – but she must explain her reason for doing so. The ALJ should continue through steps four and five of the sequential evaluation as necessary and determine whether plaintiff has the RFC to perform the requirements of her past relevant work, or any other work.

Plaintiff has also challenged the ALJ's evaluation of the medical opinion evidence pursuant to the new regulations. Because remand is recommended on other grounds, and the ALJ may necessarily revisit this issue in conjunction with her RFC analysis, the court will not address it here. On remand, the ALJ should consider the remaining issues raised by plaintiff as she deems appropriate.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **GRANTED**; and it is further

**RECOMMENDED**, that defendant's motion for judgment on the pleadings (Dkt. No. 14) be **DENIED**; and it is further

**RECOMMENDED**, that the decision of the Commissioner be **REVERSED**, and this action be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Date:  December 15, 2023

Andrew T. Baxter
U.S. Magistrate Judge